I think a rehearing should be granted because the opinion states:
"Applying these rules, it would seem that the bearer of the burden of proof with respect to undue influence would be Frank Adams, but a rather anomalous situation is produced by his repudiation of the act of his next friend in bringing the suit and the issues made by the petition of complainant, himself, and the answer of his representative. Even invoking the rule in its strictest sense and placing upon complainant this burden despite his petition, we cannot conclude that there is not a preponderance of evidence to support the finding of the chancellor that there was lack of this element in the transaction."
The burden of proof as to undue influence was not on the complainant and the authorities cited do not establish such rule.
The record shows also that the chancellor did not adjudicate the question of undue influence. On pages 4409, et seq., the following appears in the chancellor's decree:
"The Court has spent not only hours but days in the study of this record and authorities of law relating to the involved questions. The adjudication of the mental competency of *Page 744 
the defendant, Frank Adams, disposes of the case and makes unnecessary discussion or adjudication of the numerous other questions presented. After a most painstaking study of the record; after spending around a month personally hearing the testimony and observing witnesses; after hearing extensive arguments from able counsel; after reading the voluminous briefs also filed in the cause, the Court has come to the conclusion that the defendant Frank Adams was mentally competent at the time he executed the conveyance in question here, and that he thoroughly understood what he was doing and that he did it in pursuance of his own volition and decision. The record is replete with instance after instance of his transactions of important business matters and important business deals, his discussions of important business matters, his directions and instructions about various details of his business, and all these during the time when the complainant, himself, asserts he was tremendously weak mentally or during the period he was at his worst, and most of it during the time this suit was pending. There is an (old) adage, 'actions speak louder than words,' and while it is agreed that Mr. Adams is in a terribly Helpless physical condition, and that because of his long suffering, he has indulged in considerable peculiar conduct, some of it apparently without any reasonable basis, and there is no doubt in the mind of the court that his mentality is not as strong as it was in his vigorous years, particularly so in view of the fact that he has been afflicted grievously from a physical standpoint for around twenty years, still considering the testimony within the purview of the rule laid down by our Supreme Court and giving effect to the many and numerous instances of his conduct which evidence a sound mind, and in view of the further fact that the complainant practically admitted his recognition of his father's *Page 745 
mental competency by his own dealings with him, the court has come to the firm conclusion that the complainant has not supported the allegations of his bill by preponderance of the proof."
The burden of proof was not on complainant to establish undue influence in a case of this sort by a preponderance of the evidence and, therefore, the record shows that if the chancellor may be presumed to have adjudicated the question of undue influence he did so applying an erroneous rule as to the burden of proof.
[NOTE: PUBLISHING ERROR OF REFERENCE AREA.] *Page 746 
[NOTE: PUBLISHING ERROR OF REFERENCE AREA.] *Page 747